IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOSE A. RIVERA, § | |
| Plaintiff, § | |
| § | |
| v. § | No. 3:20-cv-01787-X (BT) |
| § | |
| DALLAS COUNTY SRTS et al., § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is *pro se* Plaintiff Jose A. Rivera's filing entitled "Prayer for Relief" (ECF No. 15). For the following reasons, Rivera's filing should be construed as a request for preliminary injunctive relief or a temporary restraining order and that request should be denied.

Rivera initiated this civil rights action under 42 U.S.C. § 1983 by filing a complaint on July 7, 2020. At this time, the case is undergoing judicial screening, and the named Defendants have not been served. In his latest filing, Rivera requests a temporary restraining order, an injunction compelling Defendants to grant him release pending review, a preliminary injunction, supervisor liability, direct municipal liability, punitive damages, and compensatory damages. (ECF No. 15 at 1.)

For a movant to demonstrate entitlement to preliminary injunctive relief or a temporary restraining order, he must show (1) a substantial

1

likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is denied, (3) the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) the grant of an injunction will not disserve the public interest. *Canal Auth. of the State of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974); *DSC Communications Corp. v. DGI Technologies, Inc.*, 81 F.3d 597, 600 (5th Cir. 1996). "The party seeking such relief must satisfy a cumulative burden of proving each of the four elements enumerated before a temporary restraining order or preliminary injunction can be granted." *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987).

Here, as the moving party, Rivera has the burden of proof to demonstrate entitlement to preliminary injunctive relief or a temporary restraining order. He fails to demonstrate that he can show even one of the four necessary elements. His request for a preliminary injunction or a temporary restraining order must therefore be denied. To the extent Rivera is moving for relief that involves a successful outcome to his case, such as liability and damages, his requests are denied as premature.

## Conclusion

For the foregoing reasons, the Court recommends that Rivera's "Prayer for Relief" be **DENIED**.

SIGNED September 29, 2020.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).