IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOSE A. RIVERA,  §<br>  Plaintiff, §<br> §<br>v. §<br> §<br>DALLAS COUNTY SRTs, et al., §<br>  Defendants. § | No. 3:20-cv-01787-X (BT) |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Jose A. Rivera, a pretrial detainee housed at the Dallas County Jail, filed a *pro se* prisoner civil rights action under 42 U.S.C. § 1983. The Court granted Rivera leave to proceed *in forma pauperis* but withheld issuance of process pending judicial screening. Ord. (ECF No. 8). Now having screened Rivera's Complaint (ECF No. 3) and his answers to a Magistrate Judge's Questionnaire (ECF No. 12), the Court recommends that Rivera's complaint be dismissed under 28 U.S.C. §§ 1915A and 1915(e)(2)(B) and any pending motions be denied as moot.

### Background

In his Complaint, Rivera claims that he is an "MHMR patient" housed in the Dallas County Jail. Compl. 4 (ECF No. 3). He states that has made requests for his medication, but has not received it. *Id.* 4, 8. He also complains of at least two incidences of excessive force. First, he alleges that on February 29, 2020, he refused to comply with guards who were trying to move him to a single cell. *Id.* 8; *see also* Resp. to Mag. J. Questionnaire 2 (ECF No. 12). The guards allegedly

"rushed him," and Rivera responded by throwing punches. Compl. 8. Eight to nine guards then allegedly beat him and "put their knee on the back of [his] neck like George Floyd." *Id*. Rivera claims he was denied medical attention for his injuries. *Id*. Next, on May 28, 2020, inmates in his pod "started a protest," and guards allegedly shot Rivera with "pepper pellets" and threw "flash bens" in his cell. *Id*. 4, 9; Resp. to Mag. J. Questionnaire 4 (ECF No. 12). When he asked for medical assistance, Rivera alleges, he was taken to a holdover cell where he was told to put his hands behind his back and face the toilet. Compl. 4. The guards came in, rammed him with a riot shield, and punched him in the face as he was being handcuffed. *Id*. Rivera claims to have suffered a chipped tooth in the assault. *Id*. 9. Based on this conduct, Rivera seeks injunctive relief, as well as compensatory and punitive damages, from Dallas County, the Dallas County Jail, and the Dallas County Special Response Team (SRT). Compl. 3, 4.

## Legal Standards and Analysis

Rivera's complaint is subject to preliminary screening under 28 U.S.C. § 1915A. That section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

2

28 U.S.C. § 1915A(a)-(b).

Under 28 U.S.C. § 1915(e), a district court may also summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

1. **Dallas County Jail**

Rivera named the Dallas County Jail as a defendant. Compl. 1, 3. However, the Dallas County Jail is a nonjural entity under § 1983. A plaintiff may not bring a civil rights action against a servient political agency or department unless such agency or department enjoys a separate and distinct legal existence. *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991). A governmental department cannot engage in litigation "unless the true political entity has taken explicit steps to grant the servient agency jural authority." *Darby*, 939 F.2d at 313 (agency of city government); s*ee also Lindley v. Bowles*, 2002 WL 1315466, at *2 (N.D. Tex. June 12, 2002) (finding Dallas County Jail is not a proper defendant

3

with a jural existence); *Pantoja v. Dallas County Jail*, 2001 WL 1343437, at *2 (N.D. Tex. Oct. 31, 2001) (concluding neither the Dallas County Jail nor its medical staff and medical department are separate legal entities subject to suit under § 1983). Because the Dallas County Jail is a nonjural entity, the Court should dismiss with prejudice Rivera's claims against it.

### 2. Dallas County

Rivera also named Dallas County as a defendant. Compl. 1, 3; *see also Hampton Co. Nat. Sur., LLC v. Tunica Cnty., Miss.*, 543 F.3d 221, 224 (5th Cir. 2008) (a local government such as a county is a "municipality" under § 1983). While § 1983 claims may be brought against municipalities "where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers," municipalities "cannot be held liable under § 1983 on a respondeat superior theory." *Monell v. Dept. of Social Servs.*, 436 U.S. 658, 690-91 (1978); *see also Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997) (citations omitted) ("We have consistently refused to hold municipalities liable under a theory of respondeat superior."). This is because "under § 1983, local governments are responsible only for 'their own illegal acts.'" *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (Thomas, J.) (emphasis in original) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986)). And "[t]hey are not vicariously liable under § 1983 for their employees' actions." *Id.* (citations omitted); *see also Pembaur*, 475 U.S. at 479 ("Congress . . . doubt[ed] its constitutional power to impose such liability in order

4

to oblige municipalities to control the conduct of others." (emphasis in original) (citation omitted)).

Requiring municipal-liability plaintiffs to identify an allegedly unconstitutional municipal policy or custom "ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality." *Bd. of Cnty. Comm'rs*, 520 U.S. at 403-04 (citing *Monell*, 436 U.S. at 694). "To prevent municipal liability . . . from collapsing into respondeat superior liability, a court must carefully test the link between the policymaker's inadequate decision and the particular injury alleged." *Id.* at 410. Accordingly, "[a]s is generally the case in § 1983 cases, it is far more difficult for [a] plaintiff to establish municipal liability . . . than to establish individual liability." *Ayers v. City of Holly Springs*, 2006 WL 2943295, at *4 (N.D. Miss. Oct. 13, 2006); *see also Jackson ex rel. Martin v. Town of Tutwiler*, 2018 WL 6033596, at *3 (N.D. Miss. Nov. 16, 2018) ("[T]his court acknowledges that federal law does, in fact, make it quite difficult for plaintiffs to recover against municipalities in § 1983 cases.").

Thus, to state a claim for municipal liability under § 1983, "a plaintiff must show the deprivation of a federally protected right caused by action taken 'pursuant to an official municipal policy.'" *Valle v. City of Houston*, 613 F.3d 536, 541 (5th Cir. 2010) (citing *Monell*, 436 U.S. at 691). "A plaintiff must identify: '(1) an official policy (or custom), of which (2) a policymaker can be charged with actual

5

or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy or custom.'" *Id.* at 541-42. (quoting *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002)). "[I]solated unconstitutional actions by municipal employees will almost never trigger [municipal] liability." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citing *Bennett v. City of Slidell*, 728 F.2d 762, 768 n.3 (5th Cir. 1984) (per curiam); *McKee v. City of Rockwall*, 877 F.2d 409, 415 (5th Cir. 1989)).

Here, Rivera argues that Dallas County is liable for its failure to train, supervise, or discipline its employees. Resp. to Mag. J. Questionnaire 6 (ECF No. 12). Rivera claims that he is seeking to impose both direct municipal liability and supervisor liability on Dallas County. Compl. 3. But he fails to identify an official policy or custom of Dallas County. *See Valle*, 613 F.3d at 541-42. Accordingly, Rivera has failed to state a claim against Dallas County, and Rivera's claims against this defendant should be dismissed without prejudice.

### 3. Dallas County SRTs

Finally, Rivera names the Dallas County SRTs as defendants. Compl. 1, 3. Rivera concedes that he does not know the names of any SRT member who allegedly assaulted him, but he claims that video tapes will show exactly who was involved. *Id.* 3. To the extent Rivera has identified various John Does as defendants in this case, the Court is unable to issue process to a John Doe defendant. Therefore, Rivera's claims against the Dallas County SRTs should be dismissed without prejudice.

## Recommendation

The Court recommends that Rivera's complaint be dismissed under 28 U.S.C. §§ 1915A and 1915(e)(2)(B) and any pending motions be denied as moot. Rivera's claims against the Dallas County Jail should be dismissed with prejudice. His other claims should be dismissed without prejudice.

**SO RECOMMENDED**

Signed February 8, 2021.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).