UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSE A. RIVERA, | § | |
| *Plaintiff,* | § § § | |
| v. | § § | Civil Action No. 3:20-cv-1787-X-BT |
| DALLAS COUNTY SRTs, et al., | § § § | |
| *Defendants.* | § § | |

**ORDER ACCEPTING FINDINGS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is the Findings, Conclusions, and Recommendation of the United States Magistrate Judge dated February 8, 2021. The Magistrate Judge recommends that the plaintiff's complaint be dismissed under 28 U.S.C. § 1915 and any pending motions denied as moot. The plaintiff filed objections.[1] The Court therefore reviews the Findings, Conclusions, and Recommendation de novo.

The Magistrate Judge ruled that (1) Dallas County Jail is a nonjural entity that cannot be sued, (2) the plaintiff does not establish municipal liability against Dallas County, and (3) the Court cannot issue process to a John Doe defendant.[2] The plaintiff objects that the SRTs who allegedly assaulted and maltreated him violated his Fourth, Sixth, Eighth, Ninth, and Fourteenth Amendment rights. He argues that

---

[1] Doc. No. 25. The Court received the objections on March 4, 10 days after the statutory deadline. *See* 28 U.S.C. § 636(b)(1). The plaintiff explained that the recent winter weather in Texas may have delayed mail from the plaintiff's jail. *See* Doc. No. 25 at 6. Due to these extenuating circumstances, the Court chooses to accept the plaintiff's objections as timely filed.

[2] Doc. No. 22.

1

because the Court has not reviewed video of the incident, which would allegedly reveal which SRTs violated these rights, the Magistrate Judge's Findings and Recommendation contain error.  And he claims in conclusory fashion that the SRTs conduct was not an isolated matter, and therefore can ground a municipal liability claim.

Nothing in the plaintiffs' objections provides good reason to set aside the Findings and Recommendation of the Magistrate Judge.  The plaintiff never states what municipal policy or custom caused his alleged constitutional injury, or shows additional examples of similar activity that could constitute a pattern of behavior by county employees.[3]  And the plaintiff still provides no specificity as to which Dallas County SRTs he wishes to sue.  The Court therefore cannot issue process to these John Doe defendants.

After review, the Court finds that the Findings and Recommendation of the Magistrate Judge are correct, and they are accepted as the Findings, Conclusions, and Recommendation of the Court.  All claims contained in the plaintiff's complaint against the Dallas County Jail are hereby **DISMISSED WITH PREJUDICE.**  All other claims contained in the complaint are hereby **DISMISSED WITHOUT PREJUDICE.**  All other pending motions are hereby **DENIED AS MOOT.**

---

[3] *See Monell v. Dept. of Social Servs.*, 436 U.S. 658, 691 (1978) (requiring plaintiff to show action was taken "pursuant to an official municipal policy" to state a claim under § 1983).

**IT IS SO ORDERED** this 8th day of March, 2021.

                                                BRANTLEY STARR
                                                UNITED STATES DISTRICT JUDGE